The opinion of the Court was delivered by
Poché, J.
The defendant corporation appeals from a judgment enforcing the claim of the City of New Orleans for a license of $250 for the privilege of conducting the business of operating and running a street railroad for the transportation of passengers within the limits of the city for the year 1888.
Its grounds of resistance are:
1. The nnconstitutionality of Act 101 of 1886, under which the city-predicates its right to enforce the license under discussion, on the-ground that the statute does not rate or grade licenses, in compliance with the provisions of Article 206 of the Constitution.
2. That by the terms of its contract with the City of New Orleans, the company had acquired its right to operate its road for and in consideration of the sum of ten thousand dollars, payable in ifve *5 •equal annual instalments, and that thereby the city had exhausted its power to lay any further tax on the defendant’s franchise.
The identical defences were set up in the ease of the New Orleans üity and Lake Railroad Company, decided adversely to the defendant by this court last year and reported in the 40th of Annuals, p. 587.
On the present appeal the defendant does not press the first point of its defence as hereinabove stated. But its counsel solicits a reconsideration of our views on the second point of the controversy, and suggests that our conclusions on the question are antagonized by several decisions of the highest authority and respectability which he submits for our consideration.
We have carefully examined those decisions, and we found in them no utterance or principle announced at variance with our reasoning in the case assailed as erroneous, but a great deal to establish and to con-; firm the coi'rectness of our eoixclusioxxs, to which we shall adhere. We shall xxow refer to the cases relied on.
The case of Gordon vs. Tax Court, 3 Howard, p. 133, presented the attempt of the State of Maryland to levy a tax on the stockholders of a bank for their stock, in the face of a previous act of the Legislature, which had accepted a bonus from the bank fix lieu of taxation, and the Supreme Court of the United States held the State to its contract.
The syllabus reads:
‘ ‘ Where the Legislature of a State accepted from banking corporations a bonus as a consideratioxx for the franchise granted, and pledged the faith of the State ‘ not to impose any further tax or burden upon them during the continuance of their charters under this act.’ Held that the tax upon the stockholders, by reason of their stock, was a violation of the contract, and the tax was illegal.”
The following extract from the syllabus of the decision in Bank vs. Knoop, 16 Howard, 376, is sufficient to show that the case has no bearing on our present discussion:
“ The Legislature of a State, if not restrained by its Constitution, may make a valid and binding contract with a banking corporation, in its charter, that no more than a specified amount of taxes shall be levied on its property during a term of ten years; and a succeeding Legislature has no power to pass a law impairing the obligation of such a contract.”
The issue decided in the case of Jefferson Branch Bank vs. S. Kelly, *6 1 Black ü. S., p. 435, is sufficiently stated in the following extract from the head notes of the decision:
‘ ‘ The charter of a hank is a franchise, which is not taxable, as such, if a price has been paid for it, which the Legislature has accepted with a declaration that it is to be in lieu of all other taxation.”
The italics are ours, and the words thus emphasized actually demonstrate the striking difference between that and our case.
In the case of Railroad vs. Sabin, 26 Pa. State, p. 242, the Supreme Court of Pennsylvania recognized in very clear language the legal difference between a bonus and a tax, which underlies our decision now under discussion, when it said:
“It sometimes happens that a bonus is demanded and received from a bank or other corporation at the granting of its charter, and .afterward all that class of corporations are expressly subjected to another rate of taxation. No exemption of a particular institution is to he implied from the payment of the bonus, for that would be to set up judicial implications against an express exercise of the taxing power.”
In our case we are called on to set up a judicial implication of an exemption from a license for which there is not the slightest stipulation in the contract by which the company acquired a renewal of its expired franchise, simply for the reason that the contract stipulated the payment of a bonus for a valuable franchise for a term of twenty-five years.
. It is a principle clearly deducible from the very decisions quoted by defendant’s counsel, that no corporation can claim immunity from taxation or from a license, because it paid a consideration for its ■ charter or franchise, in the absence of a stipulation on the part of the State, or other taxing power, that the bonus was received in lieu of any further or future taxation. We therefore conclude that our former decision must remain untouched, and that this case was correctly decided below.
' Judgment, affirmed.